UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTIAN S.,

                Plaintiff,

     -v-                              1:18-CV-157

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                          OF COUNSEL:

CHRISTIAN S.
Plaintiff, Pro Se
119 3rd Ave 1-4
Rensselaer, NY 12144

OFFICE OF REGIONAL GENERAL COUNSEL     OONA M. PETERSON, ESQ.
   SOCIAL SECURITY ADMINISTRATION      Special Ass't United States Attorney
   REGION II
Attorneys for Defendant
26 Federal Plaza, Room 3904
New York, NY 10019

DAVID N. HURD
United States District Judge

<u>**MEMORANDUM–DECISION and ORDER**</u>

## I. <u>INTRODUCTION</u>

      Pro se plaintiff Christian S.[1] ("Christian" or "plaintiff") brings this action seeking review

of defendant Commissioner of Social Security's ("Commissioner" or "defendant") final

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as practice in this District, only the last initial of claimant's name will be used in this opinion.

decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  Both parties have filed their briefs as well as the Administrative Record on Appeal.[2]  The motions will be considered on the basis of these submissions without oral argument.[3]

## II.  **BACKGROUND**

On December 26, 2014, Christian filed an application for DIB and, on April 3, 2015, he filed an application for SSI.  In both applications, plaintiff alleged that his various physical and mental impairments rendered him disabled beginning on January 1, 2014.  Plaintiff's consolidated benefits claim was initially denied on August 6, 2015.

At Christian's request, a hearing was held before Administrative Law Judge ("ALJ") Charlie M. Johnson on February 2, 2017.  R. at 79-159.[4]  Plaintiff, represented by non-attorney James R. Shaw, appeared and testified.  The ALJ also heard testimony from Vocational Expert ("VE") Linda Vause.

Thereafter, the ALJ issued a written decision denying Christian's consolidated application for benefits through May 3, 2017.  R. at 8-23.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  Plaintiff timely appealed.

---

[2]  Christian actually failed to timely file a brief in support of his appeal.  However, the Court *sua sponte* extended the filing deadlines in light of plaintiff's pro se status.

[3]  Pursuant to General Order No. 18, consideration of this matter will proceed as if both parties had accompanied their briefs with a motion for judgment on the pleadings.

[4]  Citations to "R." refer to the Administrative Record.

## III. DISCUSSION

### A. Standard of Review

A court's review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence and the correct legal standards were applied. Poupore v. Astrue, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam). "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If the Commissioner's disability determination is supported by substantial evidence, that determination is conclusive. See id. Indeed, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's decision must be upheld—even if the court's independent review of the evidence may differ from the Commissioner's. Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982); Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

However, "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards," the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. Martone v. Apfel, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing Johnson v. Bowen, 817 F.2d 983, 986

(2d Cir. 1987)).

**B.  Disability Determination—The Five-Step Evaluation Process**

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  In addition, the Act requires that a claimant's:

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

Id. § 423(d)(2)(A).

The ALJ must follow a five-step evaluation process in deciding whether an individual is disabled.  See 20 C.F.R. §§ 404.1520, 416.920.  At step one, the ALJ must determine whether the claimant has engaged in substantial gainful activity.  A claimant engaged in substantial gainful activity is not disabled, and is therefore not entitled to benefits.  Id. §§ 404.1520(b), 416.920(b).

If the claimant has not engaged in substantial gainful activity, then step two requires the ALJ to determine whether the claimant has a severe impairment or combination of impairments which significantly restricts his physical or mental ability to perform basic work activities.  Id. §§ 404.1520(c), 416.920(c).

If the claimant is found to suffer from a severe impairment or combination of impairments, then step three requires the ALJ to determine whether, based solely on medical

- 4 -

evidence, the impairment or combination of impairments meets or equals an impairment listed in Appendix 1 of the regulations (the "Listings"). Id. §§ 404.1520(d), 416.920(d); see also id. Pt. 404, Subpt. P, App. 1. If the claimant's impairment or combination of impairments meets one or more of the Listings, then the claimant is "presumptively disabled." Martone, 70 F. Supp. 2d at 149 (citing Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984)).

If the claimant is not presumptively disabled, step four requires the ALJ to assess whether—despite the claimant's severe impairment—he has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The burden of proof with regard to these first four steps is on the claimant. Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) (citing Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 642 (2d Cir. 1983)).

If it is determined that the claimant cannot perform his past relevant work, the burden shifts to the Commissioner for step five. Perez, 77 F.3d at 46. This step requires the ALJ to examine whether the claimant can do any type of work. 20 C.F.R. §§ 404.1520(g), 416.920(g). The regulations provide that factors such as a claimant's age, physical ability, education, and previous work experience should be evaluated to determine whether a claimant retains the RFC to perform work in any of five categories of jobs: very heavy, heavy, medium, light, and sedentary. Perez, 77 F.3d at 46 (citing 20 C.F.R. § 404, Subpt. P, App. 2). "[T]he Commissioner need only show that there is work in the national economy that the claimant can do; [she] need not provide additional evidence of the claimant's residual functional capacity." Poupore, 566 F.3d at 306 (citing 20 C.F.R. § 404.1560(c)(2)).

## C. Christian's Appeal

Christian's five-page pro se brief appears to contend that the ALJ improperly

considered his history of drug and alcohol abuse as part of the disability determination. According to plaintiff, the mere fact that he stopped "drinking and drugging" did not make the symptoms of his mental illnesses go away.

Christian argues that the symptoms—which include mood swings, "explosive anger outbursts, depression," and paranoia, among other things—persist in his life and make it difficult for him to accomplish "even the most mundane of tasks," especially if the task requires him to go into a public setting or situation.

Christian's submission goes on to recount violence and abuse he experienced from a "very young age" and details his history of trouble with the law. Finally, plaintiff includes an August 16, 2018 note from Anja Salamack, NPP[5] stating that plaintiff's various mental illnesses "make it impossible for him to hold down a job."

As a general matter, evidence of substance abuse in a Social Security case almost always "complicates the case profoundly." Wehrhahn v. Colvin, 111 F. Supp. 3d 195, 199 (D. Conn. 2015). However, a review of the ALJ's written opinion reveals that she carefully considered at each step of the sequential disability evaluation whether and how plaintiff's history of substance use impacted his other impairments.

The ALJ also properly weighed the various opinions in the record, including those from consultative medical examiner Seth Rigberg, Ph.D, Kautilya Puri, M.D., and state agency medical consultant H. Ferrin. The ALJ also properly weighed the opinions of Christian's own providers, including NPP Salamack and Susan Reid, LCSW. R. at 19-20. The ALJ also considered a note from plaintiff's mother. Id.

---

[5] "NPP" appears to signal that Ms. Salamack is a "non-physician provider."

Notably, the ALJ heard extensive testimony in this case, R. at 79-159, and her written opinion reflects that she carefully evaluated Christian's testimony against the other evidence available in the record, R. at 19. In light of all these considerations, the ALJ permissibly concluded plaintiff retained the RFC to perform "simple work" provided that it included only "occasional interaction with co-workers and supervisors and "minimal (brief and superficial) interaction with the public." R. at 15.

As the Commissioner argues in her briefing, Christian's submission of a new, more recent note from NPP Salamack does not warrant different findings as to the question of whether he was disabled between January 1, 2014, the alleged onset date, and May 3, 2017, the date of the ALJ's written decision. Even accounting for his status as a pro se litigant, NPP Salamack's latest opinion is substantially the same (and includes substantially the same level of detail) as one of this provider's prior opinions, which was already considered and weighed by the ALJ. See R. at 20.

In sum, a review of the record reveals no apparent basis on which to disturb the Commissioner's decision denying Christian's application for benefits. Although mindful of his pro se status and sympathetic to his plight, the Court must nevertheless grant the Commissioner's motion for judgment on the pleadings and affirm the ALJ's decision denying benefits. Mauro v. Berryhill, 270 F. Supp. 3d 754, 760 (S.D.N.Y. 2017) ("Importantly, it is not a reviewing court's function to determine de novo whether [a claimant] is disabled.").

## IV. CONCLUSION

The ALJ applied the appropriate legal standards and supported her written decision with substantial evidence in the record.

Therefore, it is

ORDERED that

1. Christian's motion for judgment on the pleadings is DENIED;

2. The Commissioner's motion for judgment on the pleadings is GRANTED;

3. The Commissioner's decision is AFFIRMED; and

4. Christian's complaint is DISMISSED.

The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated:  March 28, 2019
       Utica, New York.

_____
United States District Judge